■ ROCELL CONSTRUCTION COMPANY, INC., Respondent, v. CITY OF ROCHESTER, Appellant.— Motion granted and trial of action stayed pending hearing and determination of appeal. If respondent desires to file a brief, this must be done on or before February 2, 1961; otherwise the case will be deemed submitted without brief on the part of the respondent.

■ WEDTKE REALTY CORPORATION, Respondent, v. MICHAEL KARANAS, Appellant.— Motion granted and order dismissing appeal vacated, upon condition that appellant file a demand pursuant to rule VII of the Appellate Division Fourth Department Rules on or before January 16, 1961.— Motion to preclude respondent from filing a brief denied. (See rule VII.)

■ GURNEY, BECKER & BOURNE, INC., Respondent, v. BLASDELL STEEL WAREHOUSE, INC., Appellant.— Motion to vacate order dismissing appeal denied on the ground that the appellant's affidavit shows that the appeal was not timely taken.

## (January 12, 1961)

■ In the Matter of the Arbitration between JEANETTE ROSENBAUM, as Executrix of SAMUEL ROSENBAUM, Deceased, Respondent, and AMERICAN SURETY COMPANY OF NEW YORK, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and motion denied, without costs. Memorandum: The liability policy issued to the respondent herein and her deceased husband contained the usual "uninsured motorist" clause. Respondent's husband sustained injuries, from which he subsequently died, in a collision with two cars. The respondent filed a claim under the policy with her own carrier. Upon nonpayment by that carrier, a proceeding was instituted by her, purportedly under section 1450 of the Civil Practice Act to determine whether or not one of the two alleged tort-feasors was in fact uninsured and, if found to be such, to proceed to arbitration. The insurance company contends that the determination that the injuries alleged to have been caused by an uninsured motorist must be made independent of and prior to the invocation of the arbitration clause contained in the policy. Special Term directed a jury trial of the preliminary issue of fact as to whether or not plaintiff's decedent was struck by an uninsured automobile, and that if found in the affirmative, the parties were directed to proceed to arbitration. We are of the opinion that such procedure is unauthorized under section 1450 of the Civil Practice Act. (Appeal from order of Erie Special Term directing trial of a preliminary issue of fact.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ DAVID WATTERS et al., Respondents, v. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: We do not understand that the trial court attempted to pass upon the rights of the parties as to ingress and egress or otherwise beyond the boundaries of the premises described in the complaint. Therefore, we do not attempt to pass upon such rights, if any. We recognize the mandatory language of section 1024 of the Civil Practice Act relating to the appointment of commissioners. We agree, however, with the conclusion of the trial court that, under the peculiar circumstances here presented, such appointment would be an unnecessary act and the court correctly dispensed therewith. (Appeal from judgment of Cattaraugus Trial Term partitioning certain oil, gas and mineral rights in lands now part of Allegany State Park.) Present— Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ. [23 Misc 2d 402.]